**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| Appeal of ATC Realty, Inc. and | } | Docket No. 109-5-02 Vtec |
| Spectrum Resources Towers, L.P. | } | |
| | } | |
| | } | |
| | } | |

Decision and Order on Town=s Motion to Dismiss or for Summary Judgment

Appellants ATC Realty, Inc. and Spectrum Resources Towers, L.P. filed a notice of appeal and complaint for declaratory and injunctive relief, purporting to appeal from or to challenge an A action or lack thereof@ taken on or about April 12, 2002 by the Planning Commission of the Town of Sharon, A having the effect of@ denying Appellants A application to construct a telecommunications facility@ on property owned by Ms. Scot N. Schindler. Appellants are represented by Mitchell L. Pearl, Esq. and the Town is represented by Gerald R. Tarrant, Esq. The complaint for declaratory and injunctive relief named the Town, the Planning Commission, and its individual members as defendants. The Town has moved to dismiss or in the alternative for summary judgment.

The following facts are undisputed unless otherwise noted.

In September 2001, Stephen J. Johnson, for ATC Realty, Inc. inquired of the former chair of the Sharon Planning Commission whether a long term lease of property for a telecommunication tower site would require a subdivision permit. He received no answer and wrote again on October 16, 2001. He received a response on November 1, 2001, that the subdivision bylaws would regard the lease as a subdivision. The Town of Sharon has subdivision regulations but does not have a zoning ordinance; it therefore has no Zoning Board of Adjustment or Development Review Board.

At some time prior to October 16, 2001, as shown in the minutes of the Selectboard meeting of that date, three wireless telecommunications companies had requested to meet with the Selectboard on November 6, 2001. In its October 16, 2001 meeting, the Selectboard reviewed and discussed a local moratorium on a specific parcel on Baxter Mountain, and noted that the moratorium only applied to that location and that tower. One board member asked that the Planning Commission be notified that the issue of telecommunications towers had > resurfaced.= The Selectboard briefly discussed the timetables for adoption of ordinances as opposed to the re-adoption of an amended Town Plan, with respect to telecommunications towers.

On November 6, 2001, the Selectboard met with representatives of four wireless communication carriers at their request. They discussed the moratorium on the Baxter Mountain parcel, which had gone into effect more than a year earlier, and the fact that at that time the Town was discussing work on an ordinance, but that one had not been prepared to date. The Chair of the Planning Commission was at the meeting and reported that the Planning Commission had been A working diligently for well over a year on proposed amendments to the Town Plan, to include provisions on telecommunications towers, and that the Planning Commission intends to begin holding public hearings in the near future.@

At the November 20, 2001 meeting of the Selectboard, the members agreed that a meeting A devoted solely to the issue of telecommunications towers@ was needed and that the Town= s attorney should be consulted regarding the Baxter Mountain moratorium and A other regulatory options available to the town,@ noting that the Town by that time had received model ordinances

and bylaws. The Selectboard agreed to discuss the matter with the Sharon Planning Commission at its meeting on December 11, 2001.

On December 11, 2001, Stephen J. Johnson, for ATC Realty, Inc., delivered the following documents at a regularly-scheduled Planning Commission meeting warned for other purposes, under a cover letter addressed to Ms. Deborah Wroth as Acting Chairperson of the Planning Commission. The cover letter referred to the application as the A Proposed Schindler Subdivision,@ stated that ATC Realty, Inc. had entered into a lease agreement with Ms. Schindler to lease a half-acre portion of Ms. Schindler= s 507-acre parcel, together with a right-of-way to the half-acre parcel. The cover letter stated that the purpose of the leased parcel was for the construction of a telecommunications facility consisting of a 150-foot monopole tower, three 12' x 36' equipment shelter buildings and equipment set on concrete pads, all within a fenced compound. The cover letter enclosed two copies of a filled-out subdivision application form and the $50 application fee. The cover letter stated that: A [a]n engineering firm out of Shelburne[,] Vermont, Civil Engineering Associates, is in the process of putting together a full set of plans for the facility[1]. I will have these final detailed plans for you in advance of your warned hearing.@

The application stated that Spectrum Resources Towers, LP, by ATC Realty, Inc. was the lessee. The application contained a sketch plan of the location of the leased parcel which did not contain any layout of the 2,770-foot access road, but which showed Kenyon Hill Road. It stated that the A road profile will appear on final plans.@ An attached enlargement of a computer-generated topographic map showed a road location to a triangular site. If the unnamed road or track shown as a double dashed line on the topographic map represents Kenyon Hill Road (as it has a similar shape as the road so named on the sketch plan), then the site location shown on the topographical map and that shown on the sketch plan were inconsistent with one another.

Section 4.1 of the subdivision ordinance allows an owner to file a preliminary plan (' 4.4), prior to filing a final subdivision plan, and allows the Commission to give a preliminary plan tentative approval. However, the preliminary plan must contain all the information required for the final subdivision plan, except that A bearings, angles and curve data may be omitted, dimensions may be approximate, and layout of proposed streets and lots may be tentative.@

Mr. Johnson was allowed to make a brief informational presentation to the Planning Commission on December 11, 2001, and left the application with the Planning Commission. He stated that he would be willing to > waive time requirements= in order to provide more detailed information. Neither he nor the application stated that the attached materials were a preliminary plan nor did they request tentative approval.

Before the special joint meeting of the Selectboard and the Planning Commission held on December 27, 2001, the bodies had already agreed to enact an interim telecommunications bylaw, and had asked the Town= s attorney to draft one. At that meeting they went through the proposed bylaw section by section and noted suggested changes.

At its regularly scheduled meeting on January 7, 2002 the Planning Commission discussed the completeness of Appellant-Applicants= application and reviewed the apparent contradictions between the plans attached to the application as to the location of the site. The Planning Commission did not appear to have considered it as a preliminary plan nor as an application for tentative approval. The minutes of the meeting reflect that the Commission directed its chairperson to write a letter to ATC Realty, Inc., informing the applicant of the maps= inconsistencies and requesting additional information. The minutes of the January 7, 2002 Planning Commission meeting also state, in bold face type, that a meeting on the proposed telecommunications bylaw has been scheduled for January 15, 2002, and states that the next regular meeting of the Planning Commission will be on January 22, 2002.

On January 10, 2002, Ms. Wroth, on behalf of the Planning Commission, wrote a letter to Mr. Johnson at ATC Realty, stating that the Commission A has reviewed your subdivision application and has found it to be materially incomplete.@ The letter requests additional information on nine specific topics (as well as an additional recording fee): conformance with the subdivision regulations as to the Town Plan; conformance with the subdivision regulations as to topography, geology, natural drainage and surface water runoff; conformance with the subdivision regulations as to the preservation of specific natural assets; the specifics of the access road as to location, width, depth, grade, types of vehicle use and maintenance; information regarding excavation and blasting; information regarding erosion control both during and after construction; information as to the address of record of Spectrum Resources Towers, LP.; information as to which companies have contracted with the applicants for space on the tower; and information resolving the inconsistency between the two maps as to the site location. The letter clearly stated that A [t]he Sharon Planning Commission is unable to act on your application in its present form, but we will keep it on file until it is either completed or withdrawn.@

Appellant-Applicants did not appeal the January 10, 2002 letter of the Planning Commission that the application was incomplete. They did not even write back to the Planning Commission contesting the determination or asserting that the application should have been or should still be treated as an application for preliminary subdivision approval.

On January 15, 2002 the Interim Telecommunications Bylaw was adopted after public hearing by the Selectboard.

Mr. Johnson next wrote to the Planning Commission on April 1, 2002, stating his position that the application had been complete in December and claiming that ATC had been treated differently from other applicants. In his April 1, 2002 submission, he also responded to the January 10, 2002 letter by stating A I am submitting the additional information that you requested in your letter. I have attached an addendum in which I have addressed your 10 separate paragraphs . . . . I have received plans from the engineer which I also enclose.@ The letter noted that as the leased site is in a Conservation Area, its development for a tower would be prohibited under the Telecommunications Bylaw adopted on January 15, 2002, and requested a written determination from the Planning Commission if the Commission intended to consider that application under the new bylaw.

At its April 9, 2002 meeting, the Planning Commission discussed Appellant-Applicants= letter and directed Ms. Wroth to inform Mr. Johnson that the materials submitted on April 1, 2002 would be considered under the new Telecommunications bylaw, as the application had not been complete as of the time of the adoption of that bylaw. That letter was sent April 12, 2002, and has not been provided to the court. The present appeal was timely filed from that letter.

This Court has jurisdiction of appeals[2] from actions of planning commissions, zoning boards of adjustment and development review boards. If an appeal is not timely filed, under 24 V.S.A. ' 4472(a) the court lacks jurisdiction. Moreover, under that section, a party which has failed to appeal from a determination (for example, a notice of violation) cannot later raise those appeal issues indirectly in later litigation, even if that later litigation is timely filed (for example, in an enforcement action or an appeal of a permit denial).

In the present case, Appellant-Applicants simply did not appeal from the January 10, 2002 determination that the application was not complete. They did not assert that the application should have been treated as one for preliminary subdivision approval, or ask the Planning Commission to reconsider its determination. Appellant-Applicants cannot now challenge that determination of incompleteness, either directly or indirectly.

If they had filed such an appeal, or had asked for reconsideration, or had asked for consideration as a preliminary subdivision application, or had supplemented their application at that time, they would possibly have retained the vested right to have their application considered under the subdivision regulations in effect when they filed the initial preliminary subdivision application in good faith3. However, neither the Town nor the Planning Commission is responsible for the fact that Appellant-Applicants did not do so. Accordingly, the Town= s Motion to Dismiss is GRANTED as to Questions 1 and 2 of the Statement of Questions.

What remains in the present appeal is Appellant-Applicants= timely appeal from the April 12, 2002 determination of the Planning Commission that the new telecommunications ordinance applies to the completed application. We will proceed with that appeal, if the parties wish to do so. It appears to the Court that Questions 3 through 9 apply to the appeal.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town= s Motion to Dismiss or for Summary Judgment is GRANTED as to the Complaint[4] for Declaratory and Injunctive Relief and as to Questions 1 and 2 of the Statement of Questions in the appeal. As to the remainder of the appeal it is DENIED.

We will hold a telephone conference on July 23, 2002 to discuss whether an evidentiary hearing is necessary on Questions 4, 7 or 8, or any other issues, and to schedule any necessary hearing or further briefing schedule in the appeal. Please be prepared to discuss the distinction between the subdivision approval applied for in the present application, and any application for approval under the new telecommunication ordinance which may be required for the tower. Appeal of Taft Corners Associates, Inc., 171 Vt. 135 (2000). Also please provide the Court with a copy of the telecommunications ordinance, to enable the Court to determine the route of appeal provided under that ordinance, and whether it is or is not enacted as an amendment to the subdivision ordinance.

In any future filings, please use the above (appeal) caption only; the only parties to the appeal are Appellant-Applicants and the Town of Sharon.

Done at Barre, Vermont, this 16th day of July, 2002.


_____
Merideth Wright
Environmental Judge

---

**Footnotes**

[1.] These plans were forwarded to the Planning Commission by Mr. Johnson in April, 2002. They have not been supplied to the Court and the Court cannot determine when they were prepared or available to be filed.

[2.] Appellant-Applicant has not demonstrated a source of authority for its 'complaint for declaratory relief;' we proceed here on the basis of the notice of appeal. If Appellant-Applicant has a constitutional cause of action against the Town, the Planning Commission, or its individual members, such an action must be filed, if at all, in Superior Court. Compare 24 V.S.A. §§4471 and 4472(a) with 24 V.S.A. §4472(b). A mandamus or other action in this court under §4470(c),

on the other hand, is predicated on enforcing an order of a board of adjustment or development review board.

3. As the subdivision regulations have not changed, it remains unclear to the Court why this is the focus of Appellant-Applicants' argument. That is, assuming they were entitled to approval of the subdivision, prior to the adoption of the telecommunications ordinance, the parties should be prepared to discuss whether they would still have been subject to that ordinance as they had not commenced construction of their project before it had been enacted.

4. Because of this dismissal, we need not reach the argument of whether there is jurisdiction in Environmental Court over any such complaint..